## Isaac D. Farnsworth *vs.* Walter M. Allen.

A promissory note, dated at Boston, but expressing no place of payment, falling due at the end of August, was presented for payment at nine o'clock in the evening of the last day of grace, at the house of the maker, ten miles from Boston, after he and his family had retired for the night. *Held*, that the demand was sufficient to charge an indorser.

Action of contract against the indorser of the following promissory note : " Boston, May 23, 1853.   Three months after date I promise to pay to the order of Walter M. Allen one hundred and fifty dollars, value received.   Francis Freeman."

At the trial in the court of common pleas, a witness testified that he received the note, at the close of bank hours on the last day of grace, from the Grocers' Bank in Boston, who had received the note for collection from the Cambridge Market Bank, but did not know the residence of the maker or indorser; that he inquired of a director of the Cambridge Market Bank, and learned that the maker lived at Winchester and the indorser at North Cambridge ; and the same afternoon carried the note to a notary public in Charlestown, and told him where the parties resided.

The notary public testified that, as soon as he could after receiving the note for protest, he went to the house of the maker, (about ten miles from Boston,) and arrived there about nine o'clock in the evening; that there was no light in the house, and the inmates appeared to have retired for the night; that he rung the bell, and after some time the maker came to the door with a light; and he presented the note, stated its contents, and demanded payment, which the maker refused, saying that he could not, or should not, or would not pay it; that he returned with the note to Charlestown, and on the same evening put in the post office a proper notice of dishonor, addressed to the defendant at North Cambridge.

The defendant contended that the demand proved was not sufficient to charge the indorser.   But *Hoar*, J. ruled otherwise, the jury returned a verdict for the plaintiff. and the defendant alleged exceptions.

*J. G. Abbott*, for the defendant. There was no evidence of proper diligence used to ascertain the residence of the maker, no information of the place of residence of either maker or indorser was given when the note was sent to Boston for collection ; nor does it appear that any inquiries were made until after banking hours on the last day of grace. The demand made on the maker, after all that part of the day which is usually appropriated to business had expired, and after the maker might reasonably have, and had actually retired for the night, no cause being shown for the delay, was not made within a reasonable time ; the maker was therefore well justified in refusing to pay, and the indorser is not liable. Chit. Bills, (10th Amer. ed.) 387, 388. Story on Notes, § 226. Story on Bills, §§ 236, 249. *Wilkins* v. *Jadis*, 2 B. & Ad. 188. *Barclay* v. *Bailey*, 2 Campb. 527. *Leftley* v. *Mills*, 4 T. R. 174. *Startup* v. *McDonald*, 2 Man. & Gr. 395. *Cayuga County Bank* v. *Hunt*, 2 Hill, (N. Y.) 638. *Dana* v. *Sawyer*, 22 Maine, 244. *Lunt* v. *Adams*, 17 Maine, 230. *Whitwell* v. *Brigham*, 19 Pick. 122.

*C. R. Train*, for the plaintiff.

BIGELOW, J. The note declared on, not being payable at a bank, or at any place where business was transacted during certain stated hours in each day, was properly presented to the maker at his place of residence. It was also the duty of the holder to present it within reasonable hours on the day of its maturity. No fixed rule can be established, by which to determine the hour beyond which a presentment, in such case, will be unreasonable and insufficient to charge an indorser. Generally, however, it should be made at such hour that, having regard to the habits and usages of the community where the maker resides, he may be reasonably expected to be in a condition to attend to ordinary business. In the present case, taking into consideration the distance of the place of residence of the maker from Boston, where the note was dated, and where it was held when it became due ; the means that were taken to ascertain the residence of the maker, and the season of the year at which the note fell due, we are of opinion that a presentment at nine o'clock in the evening was seasonable and sufficient. It is quite

immaterial that the maker and his family had retired for the night. The question whether a presentment is within reasona-b.e time cannot be made to depend on the private and peculiar habits of the maker of a note, not known to the holder; but it must be determined by a consideration of the circumstances which, in ordinary cases, would render it seasonable or other-wise. *Barclay* v. *Bailey*, 2 Campb. 527. *Triggs* v. *Newnham*, 10 Moore, 249, and 1 Car. & P. 631. *Wilkins* v. *Jadis*, 2 B. & Ad. 188. *Cayuga County Bank* v. *Hunt*, 2 Hill, (N. Y.) 635.

*Exceptions overruled.*